[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 11, 2005
THOMAS K. KAHN
CLERK

No. 04-13086
Non-Argument Calendar
_____

BIA No. A78-407-593

SANYDE GEFFRARD,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

(July 11, 2005)

Before ANDERSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Sanyde Geffrard, proceeding pro se, petitions for review of the Board of

Immigration Appeals' ("BIA's") decision affirming, without opinion, the

immigration judge's ("IJ's") denial of her application for asylum and withholding

of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment ("CAT"). Because Geffrard's removal proceedings commenced after April 1, 1997, the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996) (hereinafter "IIRIRA"), apply. See Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003).

## A. IJ's Refusal to Admit Untranslated Documents

On appeal, Geffrard first argues that the IJ erred by refusing to accept the death certificate of Geffrard's grandmother into evidence, or, alternatively, granting Geffrard a continuance in order to allow the document to be translated and authenticated. According to Geffrard, the death certificate was necessary in order to corroborate her testimony, and the IJ's failure to grant a continuance was a violation of her Fifth Amendment due process rights. Geffrard argues that her grandmother's death certificate, as well as the documentary evidence regarding her employment with the Haitian Bureau of Election Controls ("BEC"), "could [have] negate[d] her questionable testimony," and, therefore, the IJ's refusal to admit it was a due process violation.

We may review a final order of removal only if the alien has exhausted all administrative remedies available to her as of right. See INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). Because § 1252(d)(1) imposes a jurisdictional requirement, we lack jurisdiction to review claims that were not raised before the BIA. See Fernandez-Bernal v. Att'y Gen. of United States, 257 F.3d 1304, 1317 n.13 (11th Cir. 2001). We have stated that exhaustion may not be required where the claim at issue is a constitutional challenge to the INA or a due process claim that the BIA does not have the authority to address. Sundar v. INS, 328 F.3d 1320, 1325 (11th Cir. 2003). However, if the BIA has the authority to adjudicate the claim, then "the exhaustion requirement applies with full force." Id.; Rashtabadi v. INS, 23 F.3d 1562 (9th Cir. 1994) (holding that it lacked jurisdiction to review the petitioner's claims because they were allegations of procedural errors that could have been corrected by, but were not presented to, the BIA).

The BIA has jurisdiction over appeals from final removal orders of the IJ, and it "may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo." 8 C.F.R. § 1003.1(b)(3), (d)(3)(ii). Any foreign-language document offered by a party in a removal proceeding must be accompanied by a certified English translation. 8 C.F.R. § 1003.33. The IJ may set and extend the time limits for the filing of

3

documents and may grant a motion for continuance where good cause is shown. 8 C.F.R. §§ 1003.29 & 1003.31(c). An alien may file a motion to reopen with the BIA in order to present evidence that was unavailable at the time of her removal proceedings. See INA § 240(c)(6), 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(c)(1).

We conclude that we do not have jurisdiction to consider Geffrard's claim that the IJ erred by refusing to accept her additional documentary evidence because she failed to exhaust her administrative remedies with respect to this issue. Because the documents were untranslated at the time of the hearing, they were inadmissible at that time and could have been admitted into evidence only if the IJ chose to exercise its discretion and grant Geffrard a continuance. See 8 C.F.R. §§ 1003.19, 1003.33. Whether the IJ abused its discretion in refusing to grant a continuance is an issue that the BIA is authorized to review, and, therefore, Geffrard failed to exhaust that claim by not raising it in either her direct appeal to the BIA or in a motion to reopen. See 8 C.F.R. §§ 1003.1(c)(3)(ii), 1003.2(c)(1).

## B. Asylum and Withholding of Removal under the INA

Geffrard next argues that the IJ erred by finding that she failed to meet her burden of proving eligibility for asylum based on a well-founded fear of persecution on account of her imputed political opinion. According to Geffrard,

4

the attack on her uncle, the murder of her grandmother, and the threats communicated to her by the Fanmi Lavalas ("FL") political party, had a traumatic effect on her and rose to the level of persecution. Additionally, Geffrard argues that she has satisfied the more exacting burden of proving entitlement to withholding of removal.

When the BIA summarily affirmed the IJ's decision without opinion, the IJ's decision became the final removal order subject to review. See Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003) (citing 8 C.F.R. § 3.1(a)(7), now found at 8 C.F.R. § 1003.1(a)(7)). The BIA's factual determinations are reviewed under "the highly deferential substantial evidence test," which requires us to "view the record evidence in the light most favorable to the [BIA]'s decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). We "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).

The Attorney General has discretion to grant asylum if an alien meets the INA's definition of "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). The INA defines "refugee" as follows:

> [A]ny person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant bears the burden of proving refugee status. Al Najjar, 257 F.3d at 1284. To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287.

We conclude that the IJ's findings are supported by substantial evidence, and a reasonable factfinder would not be compelled to conclude that Geffrard satisfied her burden of proving asylum eligibility. Although Geffrard's testimony, if credible, may have entitled her to relief, a reasonable factfinder would not have been compelled to believe her testimony because: (1) it conflicted with the statements that she made in her initial interview with the Immigration and Naturalization Service ("INS") officer; (2) she became defensive and evasive when asked about her political affiliation; and (3) she gave inconsistent statements

6

regarding the elections that she worked on and the compensation that she received. Because Geffrard has failed to demonstrate asylum eligibility, she also has failed to meet the more exacting standard for demonstrating entitlement to withholding of removal.  See Al Najjar, 257 F.3d at 1292-93.

## C.  Withholding of Removal under CAT

Finally, Geffrard argues that the IJ erred by finding that she had failed to meet her burden of proving entitlement to CAT relief.  According to Geffrard, the beating of her uncle and the murder of her grandmother rose to the level of torture, as defined by CAT, and, therefore, it is likely that she too will be tortured if she returns to Haiti.  Geffrard argues that her fear of torture is supported by the 2001 Country Reports on Human Rights Practices for Haiti (hereinafter "Country Report"), which stated that the FL-controlled Haitian government frequently commits "serious human rights abuses."

The IJ's determination that an alien is not entitled to withholding of removal under CAT is reviewed under the substantial evidence test.  See Al Najjar, 257 F.3d at 1283-84.  In order to demonstrate entitlement to withholding of removal under CAT, an alien must demonstrate that it is more likely than not that she would be tortured if removed to her country of origin.  8 C.F.R. § 208.16(c)(2);

7

see also <u>Al Najjar</u>, 257 F.3d at 1303. Evidence relevant to a determination of whether it is more likely than not that an alien will be tortured in the country of removal, includes, but is not limited to, evidence of: (1) past torture suffered by the alien; (2) the possibility of relocation within the removal country; (3) human rights abuses in the removal country; and (4) overall conditions in the country of removal. 8 C.F.R. § 208.16(c)(3)(i)-(iv).

> [F]or an act to constitute "torture" under CAT, it must be: (1) an act causing severe physical or mental pain or suffering; (2) intentionally inflicted; (3) for an illicit or proscribed purpose; (4) by or at the instigation of or with the consent or acquiescence of a public official who has custody or physical control of the victim; and (5) not arising from lawful sanctions.

<u>Cadet v. Bulger</u>, 377 F.3d 1173, 1181 (11th Cir. 2004).

We conclude that the evidence presented in this case would not compel a reasonable factfinder to conclude that it is more likely than not that Geffrard would be tortured if removed to Haiti. Accordingly, we deny Geffrard's petition for review.

**PETITION DENIED.**

8